**[J-13-2021][M.O. – Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| K.N.B., | : | No. 20 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered 1/30/20 at No. 1003 |
| | : | WDA 2018 affirming the Order of the |
| v. | : | Court of Common Pleas of Clarion |
| | : | County entered 6/15/18 at No. 155 CD |
| | : | 2018 |
| | : | |
| M.D., | : | |
| | : | |
| | : | |
| Appellant | : | |
| | | SUBMITTED: January 25, 2021 |

**CONCURRING OPINION**

**JUSTICE SAYLOR**                    **DECIDED: SEPTEMBER 22, 2021**

I agree that the six-year statute of limitations applies to petitions filed under the Protection of Victims of Sexual Violence or Intimidation Act (the "Act"), and that there is no requirement, statutory or otherwise, that a petitioner's claim of intimidation and/or ongoing fear be objectively reasonable. Thus, I am aligned with the Court's holding that the Superior Court's order should be affirmed. With that said, my analysis as to these issues differs modestly from that of the majority.

Section 5524 of the Judicial Code applies the two-year period to:

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

                    * * *

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious

conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S. §5524(2), (7).

If the Act facially prohibited the recovery of monetary damages stemming from the underlying offense, I would agree that K.N.B.'s request for damages was in error. The difficulty, to my mind, is that the Act expressly permits recovery of "any other appropriate relief sought by the plaintiff." 42 Pa.C.S. §62A07(b)(1), (2); *see also id.* §62A02(6) ("This chapter provides the victim with a civil remedy requiring the offender to stay away from the victim, as well as *other appropriate relief.*" (emphasis added)).

In the present case, K.N.B. requested that the court direct M.D. to "pay Plaintiff for the reasonable financial losses suffered as the result of the abuse, to be determined at the hearing" on the petition. Petition at 2, ¶10(b).[1] The court did not grant the request, but that doesn't mean that no other court would be inclined to award similar costs upon adequate proof. Under the majority's holding, however, no victim can ever recover monetary damages. Stated differently, K.N.B. requested "other" relief, and the majority implicitly concludes that such compensation is not "appropriate" relief. I am unable to discern the basis for such determination.[2]

---

[1] At the hearing, K.N.B. testified that she had to receive therapy to aid in recovering from the abuse in question. *See* N.T., June 15, 2018, at 19, 27, 35-36. Assuming there was a cost to the therapy, K.N.B. was evidently asking to be reimbursed for that as well as any other costs she incurred which were attributable to the abuse.

[2] I recognize that allowing for compensatory damages absent a jury trial may pose constitutional difficulties, *see* PA. CONST. art. I, §6; *Bruckshaw v. Frankford Hosp. of City of Phila.*, 619 Pa. 135, 147, 58 A.3d 102, 109 (2012) ("The right to a jury trial in a civil action is a fundamental aspect of our system of law."), and that the Act may be susceptible of a limiting construction whereby "appropriate" relief excludes such damages. *See generally London v. Zoning Bd. of Phila.*, 173 A.3d 847 (Pa. Super. 2017) (quoting *Conchatta Inc. v. Miller*, 458 F.3d 258, 263 (3d Cir. 2006); *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 397, 108 S. Ct. 636, 645 (1988)). However, no such constitutional issue is presently before the Court.

Still, I agree with the result reached by the majority. I find paragraph (7) of the two-year statute inapplicable because a petition under the Act is not based on alleged tortious conduct, but rather, on criminal conduct. This is evident because, in a petition under the Act the plaintiff must assert that he or she is a victim of sexual violence or intimidation, *see* 42 Pa.C.S. §62A06(a)(1), and these terms are defined exclusively in criminal, rather than civil, terms. *See id.* §62A03 (defining "intimidation" and "sexual violence," as "conduct constituting a crime under" various aspects of the Crimes Code). While in practical terms such crimes will often involve tortious conduct, the point is that the basis for the request for relief under the Act is alleged criminal, not tortious, behavior (together with an ongoing risk of harm, *see id.* §62A06(a)(2)).

Paragraph (2) of the two-year statute presents a closer question, in my view. Under that paragraph, the two-year period applies to actions to recover damages for injuries to the person cause by the "unlawful violence . . . of another." 42 Pa.C.S. §5524(2). While M.D.'s alleged act of sexually assaulting K.N.V. may certainly be characterized as "unlawful violence," the petition is at its core a request for protective relief, and any claim for damages is at most ancillary. *See id.* §62A07(a), (b); *see also id.* §62A03 (defining "order" in protective, rather than compensatory, terms); *id.* §62A05(a) (reflecting that relief is based on the need for protection).

In summary, then, I agree with the majority that the two-year period of Section 5524 does not apply, but I would not base this ruling on the premise that the Act affirmatively rules out the recovery of monetary damages.

Turning to the second issue – whether the plaintiff's fear of continuing harm must be objectively reasonable – I find some salience in Appellant's argument that due process limitations play a role in the analysis in view of the consequences for the defendant stemming from the issuance of an order under the Act. Appellant notes that such an

order is likely to have an adverse impact on the defendant's reputational rights, which this Court has deemed to be fundamental, especially as such orders are lodged in a statewide registry. He also argues that even an unintentional violation of an order, such as could occur from being in the vicinity of the plaintiff by chance, can give rise to the possibility of arrest and confinement for up to six months, as well as a fine. *See* Brief for Appellant at 22-24 & n.7, 56-57, 61-62; 42 Pa.C.S. §§62A12-62A14; *cf.* N.T., June 15, 2018, at 96 (reflecting the court's finding that most of Appellant's harmful post-abuse contacts with K.N.B. were unintentional).

Based on the above, Appellant posits that his "freedom of movement, and right to reputation [are] impacted, without meaningful substantive and procedural due process protections[.]" Brief for Appellant at 25. In this respect, Appellant forwards that, under a subjective standard, "orders will be entered virtually *pro forma*, as nearly any claim of anxiety or fear by a plaintiff will require entry of a protection order." *Id.*

These types of difficulties should not be lightly dismissed. It is true that, unlike with protection-from-abuse proceedings, the General Assembly did not state that, as a prerequisite to relief the plaintiff must have a "reasonable" fear of continuing harm from the defendant. *See* Majority Opinion, *slip op.* at 13; *see also id.* (noting the Act "requires only an assertion of sexual violence or intimidation combined with proof that the plaintiff . . . is at a continued risk of harm from the defendant" (internal quotation marks and citation omitted)). As this case illustrates, the harm can be in the form of anxiety or panic associated with seeing the defendant at a distance, even where no other contact between the parties is established, and regardless of whether the defendant intends to ever contact the plaintiff again.

But given that the Act only requires a bare "assert[ion]" of criminality, 42 Pa.C.S. §62A06(a)(1), complications can arise. For example, in a case of mistaken identity – *e.g.*,

where the defendant's appearance is similar to that of the perpetrator – the defendant may be able to prove convincingly (for example, by way of alibi) that he is not the person who abused the plaintiff. Alternatively, the defendant may be able to prove that his contact with the plaintiff did not amount to sexual violence or intimidation. In either case, the plaintiff may nonetheless have a subjective fear of the defendant, no matter how unreasonable; as noted, moreover, this fear, combined with a bare assertion of criminality, is sufficient for an order to issue adversely affecting the defendant's rights.

In my view, these features of the enactment give rise to substantial doubts about whether it requires a process that can withstand constitutional scrutiny. A reasonable argument can be made that allowing the imposition of such consequences upon a defendant absent proof of some actual misconduct fails to comport with the fundamental fairness required of all government actions. *See Middaugh v. PennDOT*, ___ Pa. ___, ___, 244 A.3d 426, 435 (2021) (explaining that the Due Process Clause requires the government to treat all individuals with basic fairness). *But cf.* Majority Opinion, *slip op.* at 15 n.15 (suggesting that Appellant's due process contention is meritless because he had notice and an opportunity to be heard). That a mere assertion, without proof, of criminality is sufficient under paragraph (a)(1) also runs counter to the general precept that the party asserting the affirmative of a particular issue bears the initial burden of proof. *See 500 James Hance Court v. Pa. Prevailing Wage Appeals Bd.*, 613 Pa. 238, 273 n.28, 33 A.3d 555, 576 n.28 (2011); *cf.* Brief for Appellant at 57 (proposing that, because an unsubstantiated assertion of criminality is sufficient to satisfy the first prong for relief, courts should protect due process by requiring proof of objective harm).

It would be tempting to ameliorate such difficulties by imposing upon the statutory text a limiting construction whereby the underlying sexual violence or intimidation must be proved by at least a preponderance of the evidence. However, the Act is not

reasonably susceptible of such construction because it also expressly states that the plaintiff must "prove [harm] by preponderance of the evidence," *see id.* §62A06(a)(2); *cf.* 23 Pa.C.S. §6107(a) (as part of the Protection From Abuse Act, stating that the plaintiff must prove abuse by a preponderance of the evidence), thereby suggesting that if the General Assembly had intended to require proof concerning the predicate act of sexual violence or intimidation, it would have so stated. *Accord A.M.D. v. T.A.B.*, 178 A.3d 889, 894 (Pa. Super. 2018); *E.A.M. v. A.M.D. III*, 173 A.3d 313, 219 (Pa. Super. 2017).

With that said, I would not find that Appellant is ultimately entitled to relief on due process grounds. For one, the questions this Court accepted for review do not fairly subsume the issue of whether due process is offended because the predicate offense need only be asserted and not proved.[3] Also, that question is not salient in the present matter in any event. The common pleas court credited K.N.B.'s extensive hearing testimony over that of Appellant, and it made a record finding by a preponderance that Appellant committed a predicate sex offense. *See* N.T., June 15, 2018, at 106-07; *K.N.B. v. M.D.*, No. 155 CD 2018, *slip op.* at 8-9 (C.P. Clarion Aug. 29, 2018).

In view of the above, however, it remains an open question whether an order can issue, consistent with due process norms, based upon a mere assertion of criminality combined with proof of harm, where the harm is assessed on a subjective basis.

---

[3] The issues on which we granted review are:

> (1) . . . whether an action under the [Act] is governed by the six-year catch-all statute of limitations, as the Superior Court held, rather than the civil two-year statute of limitations applicable to torts?

> (2) . . . whether the continuing risk of harm required for a protection order under the [Act] must be reasonable and not solely the plaintiff's subjective and unfounded fear of the [defendant]?

*K.N.B. v. M.D.*, ___ Pa. ___, 239 A.3d 14 (2020) (*per curiam*).